IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE GONZALEZ, # K-50152, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01025-JPG |
| | ) |
| WEXFORD HEALTH CARE, | ) |
| DR. OSMUDSON, | ) |
| RANDY GROUNDS, | ) |
| and DR. ADAMS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jose Gonzalez, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the complaint, Plaintiff claims that members of Robinson's medical staff failed to properly diagnose and treat his double bronchial pneumonia in 2015. (Doc. 1, p. 6). As a result, he lost most of his right lung and suffered from prolonged and unnecessary pain. *Id*. at 7. Plaintiff now sues Wexford Health Care, Warden Randy Grounds, Doctor Osmudson, and Doctor Adams for denying him adequate medical care, in violation of the Eighth Amendment. He seeks monetary damages. *Id*. at 9.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

According to the complaint, Plaintiff reported to Robinson's Health Care Unit ("HCU") in early April 2015 with complaints of coughing and difficulty breathing. (Doc. 1, p. 6). A nurse, who is not named as a defendant in this action, examined Plaintiff and said, "[T]here is nothing wrong with you." *Id*. When Plaintiff explained that it tasted "rotten" when he coughed, the nurse asked him if he had seen a dentist. She took his $5.00 co-pay[1] and gave Plaintiff cold pills and Tylenol. Plaintiff returned to the HCU several times, with the same results.

Plaintiff's condition continued to deteriorate, and he was taken to the HCU on a stretcher late at night on April 21, 2015. By this time, he could hardly breathe. Doctor Adams examined Plaintiff the following morning and heard "fluid." *Id.* When Plaintiff requested a CT scan or an x-ray, Doctor Adams denied the request. Robinson had no CT scan, and the x-ray machine was broken. Instead, the doctor prescribed Plaintiff antibiotics.

Plaintiff's condition did not improve. He again returned to the HCU on April 25, 2015. Doctor Shah, who is not named as a defendant in this action, examined Plaintiff. After listening to Plaintiff breathe, Doctor Shah indicated that Plaintiff needed a CT scan and x-rays. Plaintiff was sent to Community Hospital for testing. Only then was he diagnosed with double bronchial pneumonia. The doctor who diagnosed Plaintiff showed him a fluid-filled pocket in

---

[1] Plaintiff takes issue with the fact that he was required to pay a $5.00 co-pay on more than one occasion for the medical care that he describes in the complaint as inadequate. An inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services. Whether or not a statutory exemption should apply to the co-payment rule is a question of state law, not cognizable in a § 1983 action. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). Should Plaintiff wish to pursue this matter further, he must do so in state court.

Plaintiff's right lung. He explained that Plaintiff was in "serious condition." *Id*. at 7. The pneumonia, he said, should not have gone untreated for more than three weeks. *Id*. Emergency grievances that Plaintiff filed during this time period were ignored at the institutional and administrative review levels. *Id*. at 8.

Plaintiff was taken by ambulance to Champaign Regional Hospital. There, another doctor described Plaintiff's condition as "dire" after diagnosing him with a collapsed lung that was necrotic and filled with fluid. Plaintiff underwent emergency surgery, and most of his right lung was removed.

When Plaintiff returned to Robinson, he remained in the HCU for three weeks. He informed Doctor Adams that he was in considerable pain. Doctor Adams acknowledged that Plaintiff "would be in continued pain as it would be a long healing process." *Id*. at 7. Even so, the doctor refused to prescribe Plaintiff anything for pain, other than one Ibuprofen (600 mg) every twelve hours. When Plaintiff asked for more pain medication, his requests were denied.

Plaintiff claims that this debacle could have been avoided, if Robinson's medical staff properly diagnosed him at the outset. He blames Wexford's policy of emphasizing "cost over care" for the poor manner in which his pneumonia was addressed. According to the complaint, Wexford's policy handbook explicitly discourages the use of expensive diagnostic testing, such as CT scans, because of "cost considerations." *Id*. at 7. Instead, Wexford encourages its medical providers to "give cheaper medications." *Id*. Plaintiff claims that Robinson's medical staff, including Doctor Adams, acted pursuant to this policy when denying Plaintiff adequate medical care. For this reason, his pneumonia was treated with cold pills and Tylenol. *Id*. at pp. 6-7.

Plaintiff now sues Defendants Wexford, Warden Grounds, Doctor Osmudson, and Doctor Adams for exhibiting deliberate indifference to his medical needs, in violation of the Eighth Amendment. *Id*. at 8. He seeks monetary damages against them. *Id*. at 9.

## Discussion

The complaint articulates a viable Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Doctor Adams and Wexford, but not Warden Grounds and Doctor Osmudson. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a medical needs claim, a plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The medical condition described in the complaint is sufficiently serious to pass muster at screening. The Court will discuss whether the complaint adequately alleges deliberate indifference against each of the four defendants below.

### Doctor Adams

The complaint suggests that **Doctor Adams** may have responded to Plaintiff's medical needs with deliberate indifference. This defendant denied Plaintiff's request for diagnostic testing on April 21, 2015, and opted to treat Plaintiff's condition with antibiotics. Standing alone, this conduct does not necessarily amount to deliberate indifference. After all, the doctor could have concluded that the diagnosis was pneumonia without additional testing, obviating any need for formal testing if the chosen course of treatment was the same either way.

But Plaintiff also alleges that Doctor Adams refused to properly treat Plaintiff's pain during his three-week recovery period following surgery. Plaintiff informed Doctor Adams that the Ibuprofen was ineffective, and Doctor Adams acknowledged that Plaintiff faced a long and painful healing process. Still, he refused Plaintiff's request for additional pain relief. Given all of these allegations, **Count 1** against **Doctor Adams** shall receive further review.

### Wexford Health Care

Count 1 shall also proceed against **Wexford**. A private corporation that contracts to provide essential government services cannot be held liable under § 1983 unless the constitutional violation "was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 789 (7th Cir. 2014). This is because the doctrine of *respondeat superior* is not recognized under § 1983. *Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). The complaint explicitly targets Wexford's policy of elevating "cost over care" as the driving force behind the denial of adequate medical care. (Doc. 1, p. 7). Plaintiff's medical providers acted pursuant to this policy when deciding, time and again, to avoid costly diagnostic testing and treat Plaintiff with cold pills and Tylenol instead. *Id*. Under the circumstances, **Count 1** shall also proceed against **Wexford**.

### Doctor Osmudson and Warden Grounds

The complaint fails to articulate a viable claim against the other two defendants, including **Doctor Osmudson** and **Warden Grounds**. The statement of claim mentions neither one of these individuals. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because the complaint does not mention what each of

these defendants did to violate Plaintiff's right to receive medical care, no viable claim is stated against either one. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because the complaint fails to state a claim upon which relief may be granted against either defendant, **Count 1** shall be dismissed against **Doctor Osmudson** and **Warden Grounds**. However, the dismissal shall be without prejudice.

## Filing Fee

At the time of filing this action, Plaintiff paid a $350.00 filing fee. The filing fee for a civil action is $400.00, not $350.00.[2] Therefore, Plaintiff still owes $50.00. He has two options for payment of this amount. Plaintiff may *either* remit payment of the remaining $50.00 to the Clerk of this Court *or* file a properly completed Motion and Affidavit to Proceed Without Prepaying Fees or Costs ("IFP Motion") along with a trust fund account statement for the six-

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. Although a litigant who is granted pauper status is exempt from paying the new $50.00 fee, Plaintiff did not seek pauper status. He is therefore obligated to pay the full $400.00 filing fee for this action.

month period immediately preceding the filing of this action.[3]  Plaintiff is required to do one or the other within thirty-five days (on or before **November 20, 2015**).

### Pending Motions

Plaintiff has filed a motion to appoint of counsel (Doc. 2), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 3), which is hereby **GRANTED in part**, with respect to Wexford Health Care and Doctor Adams, and **DENIED in part**, with respect to Doctor Osmudson and Warden Grounds.

### Disposition

The **CLERK** is **DIRECTED** to provide Plaintiff with a blank Motion and Affidavit to Proceed Without Prepaying Fees or Costs.

**IT IS HEREBY ORDERED** that Defendants **DOCTOR OSMUDSON** and **WARDEN RANDY GROUNDS** are **DISMISSED without prejudice** from this action because the complaint states no claim against them upon which relief may be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS WEXFORD HEALTH CARE** and **DOCTOR ADAMS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the

---

[3] The **CLERK** shall be **DIRECTED** to provide Plaintiff with a blank IFP Motion.  If Plaintiff chooses to file the IFP Motion, he must have the Trust Fund Officer at his facility complete the certification that is attached and provide a copy of his trust fund account statement (or institutional equivalent) for the period 3/15/15 to 9/18/2015.  He should mail this information to the Clerk of Court at the following address: United States District Court for the Southern District of Illinois, Office of the Clerk, 750 Missouri Avenue, East St. Louis, Illinois 62201.

forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the motion to appoint counsel (Doc. 2).

Further, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis*, if one is filed, is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 15, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**