# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE GONZALEZ,<br><br>      Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC. and<br>DR. MICHAEL ADAMS,<br><br>      Defendants. | Case No. 3:15-cv-01025-JPG-DGW |

## MEMORANDUM & ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on the defendants' bill of costs in the amount of $1,399.15 resulting from the expenses incurred to obtain transcripts for use in this case. (Doc. 70.) Plaintiff Jose Gonzalez has objected to the bill of costs, asking the Court decline the award because of his indigence. (Doc. 71.)

Ordinarily, the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. FED. R. CIV. P. 54(d)(1). Costs allowed are set forth in 28 U.S.C. § 1920. The Court may then review the Clerk's action within the next 7 days. *Id.* The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987).

A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634–35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets, and expenses, and then make a threshold finding as to whether the losing

1

party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

Here, the Court has examined Gonzalez's income, assets, and expenses, and finds that he is incapable of paying the costs at the present time or in the future, given his status as a prisoner, his projected release date in 2021, and his lack of assets. Moreover, this suit was not frivolous: this matter proceeded all the way to the summary judgment stage before the Court adjudicated it on the merits.

Accordingly, the Court **DECLINES** to tax costs in this case because of Gonzalez's indigence. The Court **DIRECTS** the Clerk of Court to enter a judgment of costs consistent with the terms of this order.

**IT IS SO ORDERED.**

**DATED: FEBRUARY 14, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**